## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PHILLIP BROWN,
    Appellant,

    v.

DEPARTMENT OF THE NAVY,
    Agency.

DOCKET NUMBER
PH-0752-13-0914-I-1

DATE: September 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Phillip Brown</u>, Prince Frederick, Maryland, pro se.

<u>Shari L. Oehrle</u>, Pensacola, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review, and, except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.[2]

¶2     After Congress enacted the across-the-board spending cuts known as sequestration in August 2011, the Department of Defense faced a significant budgetary shortfall in its operations and maintenance accounts. Complete Department of the Navy Administrative Record for FY 2013 Furlough Appeals (hereinafter CAR), part 1 at 4-10.[3] As a consequence, the Department of the Navy began to furlough civilian employees for up to 11 nonconsecutive days on or about July 8, 2013. *Id.* at 10, 17. At the time, the appellant was an Electronics Engineer, GS-0855-13, with the Acquisition Workforce Development Fund, Naval Acquisition Career Center, in Mechanicsburg, Pennsylvania. Initial Appeal File (IAF), Tab 15 at 21. After giving the appellant a chance to respond, the deciding official upheld the appellant's proposed furlough. *Id.* at 18‑20, 22-25. The appellant was furloughed for a total of 48 hours. *Id.* at 17.

¶3     The appellant filed a timely appeal with the Board, IAF, Tab 1, and withdrew his request for a hearing at the prehearing conference, IAF, Tab 33.

---

[2] We modify the initial decision to address the appellant's allegation that the agency defrauded its employees in imposing the furlough.

[3] The CAR is a group of documents that pertain to all appeals of the 2013 sequestration furlough brought against the agency. It is located on the Board's website at www.mspb.gov/furloughappeals/navy2013.htm.

After both parties submitted closing arguments, IAF, Tabs 35-36, the administrative judge issued the initial decision, IAF, Tab 37, Initial Decision (ID). The administrative judge found that the furlough promoted the efficiency of the service, and he affirmed the agency's action. ID at 1-4. The appellant filed a timely petition for review, wherein he reasserts his primary arguments from the proceeding before the administrative judge; namely, that the agency breached his employment contract and committed fraud by imposing the furlough. Petition for Review (PFR) File, Tab 1 at 4-5. Additionally, he argues that the administrative judge erred in not granting his motion to compel discovery. *Id.* at 4.

¶4        The appellant argued that he was employed with the agency pursuant to an employment contract—the October 20, 2011 offer letter he received before he was appointed—and the agency breached that contract by subjecting him to a furlough. IAF, Tabs 6, 8, Tab 36 at 4-5. He asserts on review that the administrative judge erred in finding that no contract existed and by failing to consider the authority he provided establishing the existence of a contractual relationship. PFR File, Tab 1 at 4; ID at 3. The appellant, however, has not shown that the offer letter was an employment contract or that any contract was in force. The appellant was a career-conditional employee in the competitive service. IAF, Tab 35 at 9. Like all similarly situated Federal employees, he was appointed to his position under statutory authority, rather than pursuant to a contract. *Id.* Absent specific legislation, Federal employees derive the benefits and emoluments of their positions from their appointment, rather than from any contractual or quasi-contractual relationship with the Government. *See Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995). The cases that the appellant cited for the proposition that his employment was contractual are inapposite. For example, the contractual analysis in *Walker-King v. Department of Veterans Affairs*, 119 M.S.P.R. 414, ¶¶ 9-13 (2013), pertains to enforcing a settlement agreement reached in a Board appeal. In *Ramos v. Department of Justice*, 94 M.S.P.R. 623, ¶¶ 11-12 (2003), *rev'd and remanded*, 240 F. App'x

409 (Fed. Cir. 2005), the Board considered whether an employee's agreement to serve a new probationary period when he changed from one type of position to another was valid.  Neither set of circumstances applies here.

¶5        The appellant also argued that the agency defrauded him because it knew of the potential for sequestration budget cuts before he was hired.  IAF, Tab 36 at 7−8.  He asserted that the agency repeatedly has stated his salary in annualized terms in its official documents, yet has failed to disclose that employees are subject to a partial loss of their annual salaries via furlough, which effectively misrepresents the amount of their salaries.  *Id.* at 5-8.  The administrative judge did not directly address this issue, and the appellant reasserts it on review.  PFR File, Tab 1 at 4-5.

¶6        Agencies have broad managerial discretion to take actions to avoid a deficit. *Waksman v. Department of Commerce*, 37 M.S.P.R. 640, 645 (1988) (discussing agency discretion in the context of a reduction in force), *aff'd sub nom. Harris v. Department of Commerce*, 878 F.2d 1447 (Fed. Cir. 1989) (Table).  One such action, anticipated and sanctioned by Congress, is the furlough of civilian employees.  Agencies may furlough employees by placing them in a temporary status without duties and pay because of lack of funds.  5 U.S.C. §§ 7511(a)(5), 7512(5); *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 9 (2013).

¶7        As with any adverse action taken under chapter 75 of title 5, the agency bears the burden of proving by preponderant evidence the factual basis for a furlough and that the furlough promoted the efficiency of the service.  5 C.F.R. § 1201.56(b)(1)(ii).  A furlough promotes the efficiency of the service if it is a reasonable management solution to the financial restrictions placed on the agency, and the agency determined which employees to furlough in a fair and even manner.  *Chandler*, 120 M.S.P.R. 163, ¶ 8.  Here, the agency submitted unrebutted evidence that it had to make spending cuts under sequestration, and the furloughs were one such measure that would help avoid a deficit.  CAR, part 1 at 4-10.  The agency's unrebutted evidence also showed that it imposed the

furloughs uniformly across its workforce, making exceptions only for a limited number of categories such as employees needed to protect life or property or whose absence would result in failure of a critical mission. *Id.* at 15-18. The appellant's argument is thus unavailing. *See Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶ 18 n.5 (emphasizing that whether the efficiency of the service is met is determined by reviewing the circumstances present when the agency took the furlough action, rather than reviewing the action with the benefit of hindsight), *aff'd*, 802 F.3d 1321 (Fed. Cir. 2015); *Department of Labor v. Avery*, 120 M.S.P.R. 150, ¶ 10 (2013) (finding that the Board will not scrutinize an agency's decision in such a way that second guesses the agency's assessment of its mission requirements and priorities), *aff'd sub nom. Berlin v. Department of Labor*, 722 F.3d 890 (Fed. Cir. 2014).

¶8      The appellant additionally argues on review that the administrative judge erred by declining his discovery request, whereby he would have been able to establish that the October 20, 2011 offer letter constituted a contract. PFR File, Tab 1 at 4. The Board, however, will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). Here, the administrative judge denied the appellant's motion to compel because his discovery requests were not relevant to the issues on appeal and, further, because they were not calculated to lead to the discovery of relevant evidence. IAF, Tab 23. The appellant's interrogatories pertained to his belief that the agency breached an employment contract, an issue that the administrative judge explained did not relate to whether there was a factual basis for the furlough or the furlough promoted the efficiency of the service. IAF, Tabs 17, 23. Further, as the administrative judge explained, the appellant made no showing as to whether the information he sought would lead to the discovery of relevant evidence. IAF, Tab 23. Accordingly, we find no abuse of discretion.

¶9　　Finally, the appellant requested leave to submit an additional pleading asking that the Board order all Federal agencies to "explicitly disclose to applicants for federal employment the key issues which form Appellant's bases for claiming breach of contract and fraud." PFR File, Tab 5. Such a disclosure, he explains, "might significantly alleviate the Board's future workload if employees were told in advance and were documented to have agreed to relevant conditions of employment." *Id.* As discussed above, however, the appellant's appointment did not have its basis in an employment contract, and, in any event, the Board has no authority by statute or regulation to issue the order that the appellant proposes. *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (holding that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation); 5 C.F.R. § 1201.3. We thus deny the appellant's motion.

¶10　　Accordingly, for the above reasons, we find that the administrative judge properly affirmed the agency's furlough action in this case.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.